,SAMUEL KAUFMAN, complainant-appellee,

*v.*

MEYER A. REUBIN, defendant-appellant.

[Submitted February term, 1928.   Decided May 14th, 1928.]

1. The *presumption* is that the buyer and seller of an insurance business, when they made the agreement prohibiting the seller from engaging in any line of insurance other than life or accident insurance in the State of New Jersey for a period of seven years, considered the limitations as reasonably necessary to protect the buyer, and there is no proof in this case to controvert this presumption.

2. Under the contract in this case, whereby the buyer of an insurance business agreed to pay the seller five per cent. of the gross insurance business transacted by the buyer for one year, the seller was entitled to five per cent. commission on the gross receipts of the buyer, and not on the gross premiums received less the amount of the buyer's commissions as agent, inasmuch as "gross earnings" means total receipts before deducting expenses.

On appeal from an order of the court of chancery advised by Vice-Chancellor Buchanan.

*Mr. Paul W. Ewing,* for the complainant-appellee.

*Mr. August C. Streitwolf,* for the defendant-appellant.

The opinion of the court was delivered by

KAYS, J.

This case brings up for review a contract entered into between the complainant and the defendant, by the terms of which the defendant, Meyer A. Reubin, sold to the complainant-appellee, Samuel Kaufman, his insurance business and the real estate upon which said business was conducted, which real estate was located in the city of New Bruns-

wick, Middlesex county. The agreement was in writing and executed by both parties. By the terms of this agreement Reubin agreed not to engage, either directly or indirectly, or by means of agents, servants or employes, in any line of insurance excepting life or accident insurance in the State of New Jersey for a period of seven years from September 1st, 1925, provided, however, that the said Reubin might take out a broker's license and broker's insurance to the said Kaufman, receiving from the said Kaufman the legal broker's commissions, and that the said Reubin would not, directly or indirectly, write any risk of insurance other than life or accident insurance on persons or property situate in the State of New Jersey for a period of seven years from September 1st, 1925, unless the said business controlled by the said Reubin was brokered to the said Kaufman, his heirs, successors or assigns. It was further agreed in and by said agreement as part of the consideration to be paid by the said Kaufman to the said Reubin, that he would pay to the said Reubin five per centum commission of the gross insurance business transacted by him for one year from September 1st, 1925, to September 1st, 1926, to be paid semi-annually, March 1st and September 1st. Notwithstanding this agreement, Reubin engaged in the insurance business in a number of places outside of the said city of New Brunswick. When this fact came to the knowledge of the complainant, Kaufman, he filed a bill in chancery praying injunction restraining Reubin from further violating his contract. The matter came on to be heard on an order to show cause and *ex parte* affidavits. As a result a preliminary injunction was issued restraining the defendant, *pendente lite,* from engaging, directly or indirectly, in the insurance business within the State of New Jersey, except when such insurance is brokered or written through the complainant, and excepting, however, the right of engaging in the business of life or accident insurance. The defendant appeals from the order directing the issuing of this injunction.

The first ground upon which the appeal is based is that the restraint imposed upon the defendant is greater in the territorial limitations than is necessary for the adequate protection of the complainant in the employment of the good-will

of the business purchased from the defendant. We think there is nothing in this point. The presumption is that the parties when they made the agreement considered the limitations reasonably necessary, and there is no proof in the affidavits of the defendant which controverts this fact.

The next contention is that the complainant is not entitled to the relief sought, because of the fact that he had violated the provisions of the contract by failing to pay the five per centum commission on the gross business transacted by him during the period of one year specified in the contract. The affidavit of the defendant shows that the complainant, Kaufman, attempted to pay the complainant five per centum net premium received at the office of the complainant, and that the defendant refused to accept this payment, claiming that he was entitled to five per centum commissions upon the premiums paid by parties who obtained policies of insurance through the complainant's office.

We are of the opinion that the construction placed upon this part of the contract by the defendant is erroneous. The language of the contract is that the commission is to be "five per centum of the gross insurance business transacted by the party of the second part for one year from September 1st, 1925, to September 1st, 1926," &c. This does not mean the gross premiums received by the complainant, Kaufman, and payable to the companies writing the insurance, less the amount of the complainant's commissions as agent, but means a five per centum commission on the gross receipts of the complainant, Kaufman, resulting from his transaction of the business of the companies which he represented. Gross earnings of a business is defined in *Black's L. Dic. p. 402,* as follows: "The gross earnings of a business or a company are the total receipts before deducting expenditures." It was five per centum of such earnings from the insurance business conducted by Kaufman which he offered to pay to the defendant, Reubin. This is not denied by the said defendant.

We are therefore of the opinion that the grounds for reversal urged by the defendant are without substance, and that the vice-chancellor was right in advising the temporary injunction *pendente lite.*

The decree of the court of chancery is therefore affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.